Frederick C. Stimmel Executive Director Temporary State Commission on Regulation of Lobbying
This replies to your May 16, 1978 letter inquiry wherein you request my opinion on whether or not the New York Temporary State Commission on Regulation of Lobbying (hereinafter called "the Temporary Commission") is subject to the provisions of the State Administrative Procedure Act (hereinafter called "the Act").
You set forth in your letter that you advised the Temporary Commission it is your opinion the Temporary Commission is not subject to the Act because it is a legislative commission and, as such, an agency of the legislative branch. Agencies in the legislative branch are, by language contained in section 102 of the Act, excluded from its application.
Section 102 of the Act provides in relevant part:
"§ 102. Definitions
"As used in this chapter,
 "1. `Agency' means any department, board, bureau, commission, division, office, council, committee or officer of the state, or a public benefit corporation or public authority at least one of whose members is appointed by the governor, authorized by law to make rules or to make final decisions in adjudicatory proceedings but shall not include the governor, agencies in the legislative and judicial branches * * *."
One need not reach and decide the issue whether or not the Temporary Commission is an agency in the legislative branch; rather, a preliminary consideration of Chapter 937, § 1, Laws of 1977 (Regulation of Lobbying Act) (hereinafter called "the Lobbying Act"), whereunder the Temporary Commission was established, leads to the conclusion that, because of its limited authority, the Temporary Commission would not be included as an agency to which the Act applies.
The Act applies to State agencies "authorized by law to make rules or to make final decisions in adjudicatory proceedings." The Temporary Commission is neither authorized to make rules nor to make final decisions in adjudicatory proceedings.
That section 15 of the Lobbying Act authorizes publication by the Temporary Commission of a statement on lobbying regulations setting forth, inter alia, the requirements of the Lobbying Act in a clear and brief manner would not be considered a rule-making activity. Requirements governing regulation of lobbying are set forth explicitly in the Lobbying Act. There is no provision, and there appears to be no need for any such provision, for prescription of rules or regulations by the Temporary Commission for giving the Lobbying Act effect. All that the Temporary Commission is authorized to issue is material of an explanatory nature. Section 102 (2) (b) (iv) of the Act excludes from the definition of "Rule" found in section 102 (2) (a) of the Act, which would subject a State agency to the Act's procedure, "forms and instructions, interpretive statements and statements of general policy which in themselves have no legal effect but are merely explanatory." In this respect, then, the Temporary Commission enjoys no authority to make rules, and on this count would not be deemed a State agency required to meet the procedures imposed by the Act.
Section 102 of the Act defines, in relevant part, adjudicatory proceeding to mean "any activity which is not a rule making proceeding * * * before an agency * * * in which a determination of the legal rights, duties or privileges of names parties thereto is required by law to be made only on a record and after an opportunity for a hearing."
Section 4 (c) of the Lobbying Act defines the powers and duties of the Temporary Commission. Nowhere therein is there provision for it to make final decisions in adjudicatory proceedings.
Section 13 (b) of the Lobbying Act provides the Temporary Commission may assess in an amount not to exceed one thousand dollars one who has failed to file required data. Assessment, imposed after written notice of failure to file and expiration of a reasonable period within which to cure the failure, is determined unilaterally by the Temporary Commission. As the law is written, there is no requirement a hearing be held before the Temporary Commission determines one has failed to act as required by law and is thereby subject to assessment. Although determination of assessment is made by the Temporary Commission alone, one so assessed is entitled to a hearing as to the amount of assessment. This hearing to fix the assessment in an amount not to exceed one thousand dollars would not be deemed an adjudicatory proceeding as defined in section 102 of the Act, for determination of whatever duty owning, upon which ultimate amount is subsequently fixed, is made by the Temporary Commissioner without hearing. In this respect, then, the Temporary Commission enjoys no authority to make final decisions in adjudicatory proceedings, and on this count would not be deemed a State agency required to meet the procedures imposed by the Act.
I am of the opinion that the Temporary Commission lacks authority by law to make rules; and, although it is not entirely free from doubt, I am also of the opinion the Temporary Commission has not been granted authority to make final decisions in adjudicatory proceedings. It is my view, therefore, that the Temporary Commission is not included as an agency to which the State Administrative Procedure Act applies.